IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MICROSOFT CORPORATION**<br><br>      **Plaintiff,**<br><br> v.<br><br>**JON WUBBENA, as an individual and d/b/a ATLANTA TECHNOLOGY; and VELVET DOOR ENTERTAINMENT, INC. a dissolved Georgia Corporation.,**<br><br>      **Defendants.** | 1:06-cv-2209-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Microsoft Corporation's ("Microsoft") Notice of Application and Application for Default Judgment and Permanent Injunction Against the Defendants [5]. The Motion is unopposed.

On September 15, 2006, Microsoft filed a complaint against the Defendants alleging copyright infringement, violations of trade and service mark rights, false designation of origin or misleading representation, and Georgia state law claims of unfair competition and deceptive trade practices. Microsoft alleges that the Defendants ran internet auctions of software that infringed seven Microsoft copyrights (TX 5-837-617, TX 5-837-636, TX 5-900-087, TX 5-852-649, TX 5-

837-618, TX 5-900-088, TX 5-877-613), and four Microsoft trade or service marks (1,200,236, 1,256,083, 1,475,975, 1,741,086, and 2,188,125).

Return of service was executed for Defendants Jon Wubbena ("Wubbena") and Velvet Door Entertainment, Inc. ("Velvet Door") on September 16, 2006. Wubbena and Velvet Door were required to file responsive pleadings to the Complaint by October 6, 2006. By October 25, 2006, no responsive pleading had been filed, and Microsoft filed a Motion for Clerk's Entry of Default, which was granted.

Microsoft now moves for entry of default judgment as to Wubbena and Velvet Door. Microsoft requests statutory damages for copyright infringement and violations of their trademark rights, a permanent injunction against the Defendants restraining them from further infringement, and an award of attorneys fees and costs.

Because Microsoft has elected to seek only statutory damages, the Court finds that judgment is requested in a sum certain and that a hearing is not required. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002). The Court has wide discretion in setting the amount of statutory damages, within the limits of the statute. See Cable/Home Comm. Corp. v. Network Prod., 902 F.2d 829, 852

(11th Cir. 1990). For copyright infringement, the Court may award an amount of no less than $750 dollars but no more than $30,000 per act of infringement. 17 U.S.C. § 504(c)(1). The Court may, in its discretion, award as much as $150,000 per act of infringement if it finds willfulness. 17 U.S.C. § 504(c)(2). For counterfeit trade or service mark violations, the Court may award an amount of no less than $500, but no more than $100,000 per counterfeit mark, per type of good or service sold. 15 U.S.C. § 1117(c)(1). The Court may, as it considers just, award as much as $1,000,000 per counterfeit mark per type of good or service sold if it finds the use of the counterfeit mark to be willful. 15 U.S.C. § 1117(c)(2).

In this case, although it maintains that Defendants' actions were willful, Microsoft has elected to ask for statutory damages based on the maximum statutory limits for non-willful conduct. Microsoft requests statutory damages of $610,00: $30,000 for each of the seven allegedly infringed copyrights, and $100,000 for each of four marks alleged to have been counterfeited.[1]

---

[1] Microsoft has alleged five trademarks at issue in this action, two of which are the word "MICROSOFT." Consistent with the statutory language of 15 U.S.C. § 1117(c), which authorizes statutory damages per counterfeit mark," Microsoft seeks damages only once for the MICROSOFT mark, even though that mark has two registrations.

The Court, in its statutory discretion, declines to award the amount requested by Microsoft. The purpose of a range of statutory damages (and a greatly enlarged range when willfulness is proven) appears to be to allow courts to calibrate statutory damage awards to the scope of the conduct and the culpability of the defendant. The Court believes that statutory damage maximums should be reserved for cases of notable scope or particularly egregious conduct. Microsoft has not alleged any facts concerning the scope of the Defendants' operations, and has chosen not to pursue damages for willfulness. In the absence of any allegation that Wubbena and Velvet Door operated on a notable scale, the Court declines to impose the maximum statutory award, but rather awards a lesser amount that is still substantial enough to compensate Microsoft and to deter future potential infringers. The Court awards $15,000 per infringed copyright, and $40,000 per counterfeited trademark, for a total statutory damage award of $265,000.

The Court further finds that Microsoft's requested attorneys' fees and costs of $3,469.50 are reasonable. Both the Copyright Act and the Lanham Act authorize awards of reasonable attorneys fees to prevailing plaintiffs.[2] 17 U.S.C.

---

[2] While the Copyright Act permits courts to award attorneys fees as a matter of discretion, the Lanham Act limits attorney fees to "exceptional cases." Because Defendants defaulted this case, they admit to Microsoft's well-pleaded allegations

§ 505, 15 U.S.C. § 1117(a).  Both statutes also authorize costs.  Microsoft is entitled to recover its reasonable attorneys' fees and costs in this litigation.

Microsoft last requests a permanent injunction.  The Copyright Act authorizes courts to grant temporary or final injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  The Lanham Act similarly authorizes injunctions "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark . . ." 15 U.S.C. § 1116(a).  Because the facts admitted to be true by Wubbena and Velvet Door's default establish willful violations of Microsoft's rights, the Court finds that a permanent injunction is appropriate to prevent any further violations.

---

of fact.  Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987).  The well-pleaded facts in this case are sufficient to establish liability and willfulness, because they show that Wubenna and Velvet Door were warned to cease their infringing behavior, but persisted.  This constitutes an "exceptional case."  Even though Microsoft elected not to ask for damages consistent with willful conduct, an award of attorneys fees is in this context appropriate.  See, e.g., PetMEd Express, Inc. v. MedPets.Com, Inc., 336 F. Supp.2d 1213 (S.D. Fla. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Microsoft Corporation's Notice of Application and Application for Default Judgment and Permanent Injunction Against the Defendants [5] is **GRANTED** consistent with the terms of this Opinion and Order.

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** be entered against Defendants John Wubbena and Velvet Door Entertainment, Inc., in the amount of $265,000.

**IT IS FURTHER ORDERED** that Defendants John Wubbena and Velvet Door Entertainment pay **ATTORNEYS FEES** and **COSTS** in the amount of $3,469.50.

**IT IS FURTHER ORDERED** that Defendants John Wubbena and Velvet Door Entertainment, Inc., and all those acting in concert or participation with them, are **PERMANENTLY ENJOINED** from:

(a) initiating, copying, or making any other infringing use or infringing distribution of software, programs, components, end-user license agreements ("EULAs"), or other items (collectively, "property") protected by Microsoft's registered trade or service marks 1,200,236 ("Microsoft"), 1,256,083

("Microsoft"), 1,475,795 ("Powerpoint"), 1,741,086 ("Microsoft Access"), or 2,188,125 ("Outlook"); or any property protected by Certificate of Copyright Registration Nos. TX 5-837-617 ("Office Professional 2003"), TX 5-837-636 ("Office Excel 2003"), TX 5-900-087 ("Office Outlook 2003"), TX 5-852-649 ("Office Powerpoint 2003"), TX 5-837-618 ("Publisher 2003"), TX 5-900-088 ("Office Word 2003"), or TX 5-877-613 ("Business Contact Manager for Outlook 2003"), or any other of Microsoft's trademarks or copyrights;

(b) Manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any property bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trade or service marks, including but not limited to the Registration Nos. listed in paragraph (a) above (collectively, "imitation mark"), or using any such imitation mark in connection with the manufacture, distribution, offering for distribution, sale, offering for sale, advertisement, promotion, or display of any property not authorized or licensed by Microsoft;

(c) using any false designation of origin or false description which can or is likely to cause an erroneous belief that any property has been manufactured,

produced, distributed, offered for distribution, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(d) using the names or logos of Microsoft or any of its software protected by copyright or trademark, or any variations thereof, in any of Defendants' trade or corporate names;

(e) disposing of or destroying any documents or related materials that indicate, reference, or otherwise evidence that Defendants have installed, marketed, manufactured, distributed, advertised, or duplicated counterfeit or infringing software programs or items which bear any of Microsoft's registered trade or service marks, or incorporate or include any of Microsoft's copyrighted software programs or components, or any imitation mark.

**SO ORDERED** this 28th day of February, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE